Date signed March 21, 2016



JAMES F. SCHNEIDER
U. S. BANKRUPTCY JUDGE

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| In re: | * | Case No. 14-21901-JS |
| MATT GUZIK, | * | |
| Debtor. | * | (Chapter 7) |

\* \* \* \* \* \* \* \* \* \* \* \* \*

| | | |
|---|---|---|
| MATT GUZIK, | * | |
| Plaintiff | * | |
| v. | * | Adv. Proc. No. 14-00723-JS |
| FORD MOTOR CREDIT COMPANY, LLC | * | |
| Defendant. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

### *MEMORANDUM OPINION GRANTING PLAINTIFF'S AMENDED MOTION FOR SUMMARY JUDGMENT*

The matter before this Court is the plaintiff's amended motion for summary judgment [P. 9] on the complaint to compel turnover of debtor's property pursuant

to 11 U.S.C. § 522(g) and (h) and request for attorney's fees. For the reasons set forth herein, the motion will be granted.

## FINDINGS OF FACT

1. On August 21, 2013, the defendant, Ford Motor Credit Company, LLC, ("defendant"), obtained a consent judgment in the amount of $7,164.60 against Matt Guzik ("plaintiff"), in the Circuit Court for Anne Arundel County. On September 5, 2013, a judgment lien was recorded.

2. On April 17, 2014, a writ of garnishment of wages was issued against plaintiff in favor of defendant. Complaint, ¶ 8.

3. The first garnishment was reflected in plaintiff's pay advice dated May 23, 2014, for the pay period May 11, 2014 through May 17, 2014, in the amount of $183.30, reflecting 25% of the plaintiff's salary.

4. On July 29, 2014, the plaintiff filed a voluntary Chapter 7 bankruptcy petition. Complaint, ¶ 10. The plaintiff's pay advices indicate that the garnishments continued until the petition date. As of the petition date, a total of $1,869.45, had been garnished from the plaintiff's wages. Complaint ¶ 11; Amended Motion for Summary Judgment, Ex. D.

5. The plaintiff listed garnished wages in the amount of $1,869.00, as personal property on Schedule B of his bankruptcy petition, citing 11 U.S.C. § 547. Voluntary Petition, Schedule B, ¶ 18.

6.     In the complaint, plaintiff alleged that the garnishment represented a preference in favor of the defendant, that the property would have been exempted if not transferred and that the trustee could have avoided the transfer but has not attempted to do so.  Complaint, ¶¶ 13-15.

7.     Plaintiff claimed the garnished wages as exempt in Schedule C of his petition, pursuant to Md. Code Ann., Cts. & Jud. Proc. § 11–504(b)(5).  Voluntary Petition, Schedule C, "Other Liquidated Debts Owing Debtor Including Tax Refund."[1]

8.     The plaintiff notified the defendant on the petition date, July 29, 2014, that he had filed bankruptcy and demanded the return of the garnished wages as preferential transfers made during the 90-day preference period set forth in 11 U.S.C. § 547.  Amended Motion for Summary Judgment, Ex. A.

9.     On August 7, 2014, the defendant requested copies of the plaintiff's bankruptcy schedules and payroll records for the preference period.  Amended Motion for Summary Judgment, Ex. B.  On August 14, 2014, the plaintiff renewed his demand and provided payroll statements for the period from May 23, 2014

---

[1] The Maryland Annotated Code allows exemption of "[c]ash or property of any kind equivalent in value to $6,000 . . . if within 30 days from the date of the attachment or the levy by the sheriff, the debtor elects to exempt cash or selected items of property in an amount not to exceed a cumulative value of $6,000." Md. Code Ann., Cts. & Jud. Proc. § 11-504(b)(5).

through July 25, 2014, which reflected the first and last garnishments prior to the petition date. Amended Motion for Summary Judgment, Ex. C and D.

10. On September 23, 2014, the plaintiff initiated the instant adversary proceeding to recover the garnished wages. Complaint, ¶ 16. The defendant filed an answer on September 30, 2014.

11. On December 4, 2014, the plaintiff filed a motion for summary judgment, followed by the instant amended motion on December 11, 2014, supported by correspondence between the parties' counsel. The defendant filed an opposition to the instant motion on December 15, 2014, in which it stated that the plaintiff failed to assert any facts supported by evidence in the record that cannot be disputed. Opposition of Ford Motor Credit Company, LLC.

12. At the hearing on the amended motion for summary judgment held on April 20, 2015, counsel for the defendant conceded that Ford Motor Credit had received wage garnishments of at least $1,600.00, but denied receipt of the full amount claimed by the plaintiff of $1,869.00.

*CONCLUSIONS OF LAW*

1. This Court has subject matter jurisdiction over the instant adversary proceeding pursuant to 28 U.S.C §§ 157 and 1334. Venue is proper pursuant to 28 U.S.C §1409. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(E).

2. Summary judgment will be granted only "if the pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Celotex Corp. v. Catrett,* 477 U.S. 317, 322 (1986); and Fed. R. Civ. P. 56(c).[2]

---

[2]Federal Rule of Civil Procedure 56, which governs summary judgment, provides as follows:
**Rule 56. Summary Judgment.**

    (a) Motion for Summary Judgment or Partial Summary Judgment. A party may move for summary judgment, identifying each claim or defense — or the part of each claim or defense — on which summary judgment is sought. The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. The court should state on the record the reasons for granting or denying the motion.

    (b) Time to File a Motion. Unless a different time is set by local rule or the court orders otherwise, a party may file a motion for summary judgment at any time until 30 days after the close of all discovery.

    (c) Procedures.

        (1) Supporting Factual Positions. A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:
            (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or

            (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an

adverse party cannot produce admissible evidence to support the fact.

(2) *Objection That a Fact Is Not Supported by Admissible Evidence.* A party may object that the material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence.

(3) *Materials Not Cited.* The court need consider only the cited materials, but it may consider other materials in the record.

(4) *Affidavits or Declarations.* An affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated.

(d) When Facts Are Unavailable to the Nonmovant. If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:

(1) defer considering the motion or deny it;

(2) allow time to obtain affidavits or declarations or to take discovery; or

(3) issue any other appropriate order.

(e) Failing to Properly Support or Address a Fact. If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may:
(1) give an opportunity to properly support or address the fact;

(2) consider the fact undisputed for purposes of the motion;

(3) grant summary judgment if the motion and supporting materials — including the facts considered undisputed — show that the movant is entitled to it; or

3. When considering a motion for summary judgment, a court "must consider whether a reasonable jury could find in favor of the non-moving party, taking all inferences to be drawn from the underlying facts in the light most favorable to the non-movant." *Humboldt Express, Inc. v. The Wise Co. (In re Apex Express Corp.)*, 190 F.3d 624, 633 (4th Cir. 1999).

---

    (4) issue any other appropriate order.

(f) Judgment Independent of the Motion. After giving notice and a reasonable time to respond, the court may:

    (1) grant summary judgment for a nonmovant;

    (2) grant the motion on grounds not raised by a party;or

    (3) consider summary judgment on its own after identifying for the parties material facts that may not be genuinely in dispute.

(g) Failing to Grant All the Requested Relief. If the court does not grant all the relief requested by the motion, it may enter an order stating any material fact — including an item of damages or other relief — that is not genuinely in dispute and treating the fact as established in the case.

(h) Affidavit or Declaration Submitted in Bad Faith. If satisfied that an affidavit or declaration under this rule is submitted in bad faith or solely for delay, the court — after notice and a reasonable time to respond — may order the submitting party to pay the other party the reasonable expenses, including attorney's fees, it incurred as a result. An offending party or attorney may also be held in contempt or subjected to other appropriate sanctions.

Fed. R. Civ. P. 56.  This Rule is made applicable to proceedings in bankruptcy by Fed. R. Bankr. P. 7056.

4.	The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact. *Celotex*, 477 U.S. at 322-23. However, the non-moving party "'may not rely merely on allegations or denials in [its] own pleading' but must 'set out specific facts showing a genuine issue for trial.'" *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S. Ct. 2505, 2508, 91 L. Ed. 2d 202 (1986).

5.	A material fact is one "that might affect the outcome of the suit under the governing law." *Id*.

6.	The instant complaint to recover preferential transfers was brought pursuant to 11 U.S.C. §§ 522 and 547.

7.	Plaintiff has standing to avoid the transfer pursuant to 11 U.S.C. § 522(h).[3]

---

[3] Section 522 of the Bankruptcy Code provides as follows:

**§ 522. Exemptions**

(g) Notwithstanding sections 550 and 551 of this title, the debtor may exempt under subsection (b) of this section property that the trustee recovers under section 510(c)(2), 542, 543, 550, 551, or 553 of this title, to the extent that the debtor could have exempted such property under subsection (b) of this section if such property had not been transferred, if—

(1)(A) such transfer was not a voluntary transfer of such property by the debtor; and

(B) the debtor did not conceal such property; or

8

8. To avoid a transfer pursuant to § 547(b), a plaintiff must prove that a transfer of an interest of the debtor in property was (1) to or for the benefit of a creditor, (2) for or on account of an antecedent debt owed by the debtor before such transfer was made, (3) made while the debtor was insolvent, (4) made on or within 90 days before the date of the filing of the petition, and (5) that enables such creditor to receive more than such creditor would receive is the transfer had not been made. Because the defendant has admitted the facts that support all of the required findings pursuant to 11 U.S.C. § 547(b), all of the transfers are avoidable.[4]

---

(2) the debtor could have avoided such transfer under subsection (f)(2) of this section.

(h) The debtor may avoid a transfer of property of the debtor or recover a setoff to the extent that the debtor could have exempted such property under subsection (g)(1) of this section if the trustee had avoided such transfer, if—

(1) such transfer is avoidable by the trustee under section 544, 545, 547, 548, 549, or 724(a) of this title or recoverable by the trustee under section 553 of this title; and

(2) the trustee does not attempt to avoid such transfer.

11 U.S.C. §§ 522(g) and 522(h).

[4] Section 547 of the Bankruptcy Code provides as follows:

**§ 547 Preferences.**

**(b)** Except as provided in subsections (c) and (i) of this section, the trustee may avoid any transfer of an interest of the debtor in property—

9

9.    Neither the definition of transfer in 11 U.S.C. § 101(54)[5], nor § 547(b) itself requires proof of actual receipt of the property by the creditor. The sole

---

**(1)** to or for the benefit of a creditor;

**(2)** for or on account of an antecedent debt owed by the debtor before such transfer was made;

**(3)** made while the debtor was insolvent;

**(4)** made—

**(A)** on or within 90 days before the date of the filing of the petition; or

**(B)** between ninety days and one year before the date of the filing of the petition, if such creditor at the time of such transfer was an insider; and

**(5)** that enables such creditor to receive more than such creditor would receive if—

**(A)** the case were a case under chapter 7 of this title;

**(B)** the transfer had not been made; and

**(C)** such creditor received payment of such debt to the extent provided by the provisions of this title.

11 U.S.C. § 547(b).

[5] **§ 101Definitions**

(54)  The term "transfer" means –

(A) the creation of a lien;

(B) the retention of title as a security interest;

(C) the foreclosure of a debtor's equity of redemption; or

amount at issue here, is the denial by the defendant that it received $269.45 of the total amount claimed by the plaintiff to have been garnished from his wages. The court considers this amount to be *de minimis*.

10. Although the lien that created the garnishment was levied on April 17, 2014, more than 90 days prior to the date of plaintiff's bankruptcy filing, the garnishing lien attached when wages became payable to the defendant. *In re Lewis,* 116 B.R. 54, 56 (Bankr. D. Md. 1990) ("[t]he lien attaches to future wages when they become payable.")

11. Plaintiff filed for bankruptcy 67 days after the first garnishment was owed and paid. *See, Finding of Fact No. 4, supra.* All the wages in question became payable to the defendant within 90 days of plaintiff's bankruptcy filing, and therefore all the wages garnished are subject to Section 547(b) consideration.

12. Furthermore, defendant does not contest the claim that the wages at the heart of this dispute are subject to avoidance pursuant to 11 U.S.C. § 547(b).

13. Nevertheless, defendant opposed plaintiff's motion for summary judgment and contended that it did not actually receive all of wages garnished and should only be required to repay the amounts actually received. Defendant

---

       (D) each mode, direct or indirect, absolute or conditional, voluntary or involuntary, of disposing of or parting with –

       (i)    property; or

       (ii)   an interest in property.

claimed that plaintiff has not asserted any facts that cannot be disputed and that are supported by materials in the record. However, the defendant does not itself dispute any specific facts.

14. Plaintiff supported his claims by citing materials in the record, namely his payroll statements that reflect the amount of each paycheck from which wages were garnished. The defendant has neither contested their authenticity nor their correctness and they are a part of the record that supports the plaintiff's motion for summary judgment.[6]

15. The supporting evidence offered by the plaintiff establishes the absence of a genuine dispute as to any material fact and satisfies the requirements of 11 U.S.C. § 547(b). Therefore, it is appropriate to grant summary judgment in favor of the plaintiff.

*WHEREFORE,* the plaintiff's motion for summary judgment will be GRANTED;

*WHEREFORE,* the plaintiff's demands for sanctions and counsel fees in the amount of $1,000 will be GRANTED.

*ORDER ACCORDINGLY.*

---

[6] The 2010 amendments to Rule 56(c) provide that courts may consider unauthenticated evidence offered in support of summary judgment, provided such evidence may be admissible at trial.

cc: Marc H. Baer, Esquire
455 Main Street
Reisterstown, MD 21136
443-712-2529
Chapter 7 Trustee

Matt Guzik
729 Bridge Drive
Pasadena, MD 21122
Plaintiff

Marc A. Omisnky, Esquire
Century Plaza Building
10632 Little Patuxent Parkway, Suite 249
Columbia, MD 21044
Counsel for Plaintiff

Ford Motor Credit Company, LLC
c/o Registered Agent
The Corporation Trust, Inc.
351 West Camden Street
Baltimore, MD 21201
Defendant

Michael J. Klima, Jr., Esquire
Thieblot Ryan P.A.
810 Gleneagles Court , Suite 312
Towson, MD 21286-2237
Counsel for Defendant